IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-000856-WYD-MEH

JOHN STANERSON,

       Plaintiff,

v.

COLORADO BOULEVARD MOTORS, INC., d/b/a MIKE SHAW CHEVEROLET (sic); and
MIKE SHAW BUICK CHEVEROLET (sic) SAAB,

       Defendants.

---

## PROTECTIVE ORDER

---

THIS MATTER having come before the Court on the stipulation of Plaintiff John

Stanerson and Defendant Colorado Boulevard Motors, Inc., d/b/a Mike Shaw Chevrolet; and

Mike Shaw Buick Chevrolet SAAB, concerning the production of certain documents in this

action containing private information, including but not limited to various documents from the

personnel files of former and/or current employees of Defendant, and medical and financial

documents pertaining to Plaintiff Stanerson ("Confidential Documents");

       The Court, being fully advised, enters the following Protective Order under Fed. R. Civ.

P. 26(c):

       1.     The Confidential Documents contain, *inter alia*, private information and shall not

be disclosed to any individual except those authorized herein for the specific purposes described

below.

       2.     All documents which are designated as  "Confidential"  within fourteen (14)

calendar days from the issuance of this Protective Order, or which are designated as "Confidential" by third parties, prior to the parties production may be viewed only by the following persons ("Authorized Persons"):

        a.     The parties' counsel of record or persons in the employ of the parties' counsel of record to the extent such persons have direct involvement or responsibility in this litigation;

        b.     Persons retained by the parties' counsel of record as consultants or experts for the purposes of this litigation;

        c.     The parties;

        d.     Any fact witness who may be interviewed or consulted by either party, who agrees in writing to be bound by the terms of this confidentiality agreement, or any fact witness during the course of a deposition before a certified court reporter, who agrees in writing to be bound by the terms of this confidentiality agreement.  A copy of the fact witness agreement to keep such information confidential will be provided to each party.

        3.     In the event the parties' counsel of record determines that persons other than those provided for in paragraph 2 above have a need to review the Confidential Documents, written authorization must be obtained from the designating party in advance of such disclosures. Should the designating party refuse such authorization, the party seeking disclosure shall have fourteen (14) calendar days to file a motion with the Court, authorizing such disclosure.

        4.     The Confidential Documents provided by the parties may not be used by any Authorized Person for any purpose whatsoever other than in the preparation for and the trial of this litigation. No Authorized Person shall copy, reproduce, exhibit, show or communicate to any one other than an Authorized Person the contents of such Confidential Documents for any

purpose.

5.      In the event a party contends that the other party has improperly classified or designated information as confidential, the parties will attempt to resolve the issue between themselves.  If the parties cannot resolve the dispute, the party contesting the designation must file a motion within fourteen (14) calendar days with the Court requesting a determination if the classification of the information as confidential is warranted.

6.      At the conclusion of this case, the trial of this case, or any subsequent appeal, the Confidential Documents provided by the parties shall be returned to the producing party's counsel of record, including all copies provided to any Authorized Person.  However, the parties' counsel may retain one copy in their file, which will continue to be subject to this Protective Order.

7.      Nothing contained in this Stipulation and Protective Order shall be construed to be a waiver by the parties of their right to refuse to disclose any document on proper grounds, including without limitation, that it does not contain information reasonably calculated to lead to the discovery of admissible evidence or is protected by the work product doctrine, attorney/client privilege or any other privilege against disclosure.

8.      This Protective Order may be modified by the Court at any time for good cause shown following notice to the parties and an opportunity to be heard.

**IT IS SO ORDERED.**

Dated this 24th day of October, 2006.

**BY THE COURT:**

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

-3-