IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-000856-WYD-MEH

JOHN STANERSON,

    Plaintiff,

v.

COLORADO BOULEVARD MOTORS, INC., d/b/a MIKE SHAW CHEVEROLET (sic); and
MIKE SHAW BUICK CHEVEROLET (sic) SAAB,

    Defendants.

## ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Out of Time Motion for Leave to Amend Complaint and Jury Demand ("Motion to Amend") (Docket #11). This motion has been referred to this Court by District Judge Wiley Y. Daniel (Docket #12). Defendants have filed their response and Plaintiff his reply. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Amend.

**I.**     **Facts**

In this case, Plaintiff alleges that Defendants violated the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., and provisions of the Colorado Civil Rights Act, under claims of discriminatory termination, failure to accommodate, and retaliation. The current Motion to Amend seeks to amend the Third Claim for Relief alleging retaliation, to broaden the claim to include actions that have occurred since the filing of this action. Plaintiff contends that the actions are a part of the same pattern of continuous acts in this case. Additionally, the Plaintiff indicates that the amendment would correct some minor errors

in the original complaint. The deadline for amendment of pleadings under the Scheduling Order in this case was August 31, 2005. The discovery deadline is January 1, 2007. Defendants allege that the Plaintiff has failed to establish good cause for amending the Scheduling Order deadline, that the amendment would be futile, and that they would be prejudiced by the amendment. Further, Defendants argue that the Plaintiff has not been reasonably diligent in seeking this amendment.

**II.     Discussion**

   **A.     Law Governing Amendment of the Complaint after the Deadline in the Scheduling Order**

Because the motion in this case would require an amendment of the Scheduling Order, the Court employs a two-step analysis. A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* "Nevertheless, while the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Missouri Pacific R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (discussing amendment of the scheduling order). Further, rigid adherence to the scheduling order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to timely amend may be excused if due to oversight, inadvertence or excusable neglect. *Id.* The Tenth Circuit has "often found untimeliness alone a sufficient reason to deny leave to amend, 'especially when the party filing the motion has no adequate explanation for the delay.' . . . 'Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'"

*Pallottino v. City of Rio Rancho*, 31 F.3rd 1023, 1027 (10th Cir. 1994) (citations omitted). In this analysis, the court will consider whether the proposed amendment was based on new evidence that was unavailable at the time of the original complaint. *Id.*

If good cause is shown for amending the Scheduling Order, the movant must meet the requirements of Fed. R. Civ. P. 15(a). Once a responsive pleading to the complaint is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.; Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see Foman,* 371 U.S. at 182.

### B.  Whether Good Cause Has Been Established Here

"The fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668-69 (D. Colo. 2001). The circumstances surrounding Plaintiff's discovery of the facts underlying the Motion to Amend do support a finding that Plaintiff has been diligent in seeking this amendment. These facts were learned during the discovery period, and Plaintiff's request for

amendment of his pleadings was made timely thereafter.  *See* PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO AMEND COMPLAINT AND JURY DEMAND, Docket #14, p. 2.  The record herein does not support a finding of lack of diligence.

In *Trustmark Ins. Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005), the party requesting amendment of the scheduling order had a suspicion of certain evidence of misrepresentation prior to filing of the original complaint.  When, during the discovery period but after the deadline for amending the pleadings, the plaintiff confirmed its suspicion during a deposition, it sought to amend the scheduling order to add a claim of equitable estoppel.  The Seventh Circuit agreed with the district court that the plaintiff should have been more diligent in pursuing its suspicions.  Here, unlike *Trustmark*, there is no evidence that Plaintiff had such suspicions prior to his receipt of discovery.  Given all the factors discussed above, the Court finds that good cause for the timing of Plaintiff's Motion to Amend beyond the date in the Scheduling Order.

### C.     Whether Amendment of the Complaint Is Warranted

Defendants assert that the amendments proposed by the Plaintiff would be futile.  In this regard, the Court of Appeals for the Tenth Circuit has opined:

> A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. . . .  The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim.

*Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).  Defendants argue that the additional allegations of retaliation "factually add[ ] nothing" to this case and, in particular, take issue with assertions made by the Plaintiff in Paragraph 44 of the proposed Amended Complaint regarding the Defendants' refusal to honor manufacturer warranties and extended warranties purchased by the Plaintiff from the Defendant, denying the Plaintiff rights and privileges enjoyed by other customers, threatening physical assaults upon the Plaintiff, and the filing of a counterclaim in this action.    As

pointed out by the Plaintiff, however, the Defendants cite to no authority for the position they have taken. Plaintiff contends that the recent ruling by the United States Supreme Court in *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405 (2006), supplies the authority for these amendments. In *Burlington Northern*, the Court found that the discrimination and retaliation provisions of Title VII have different statutory language and different purposes, and accordingly, "that the anti-retaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment." *Id.* at 2412-13. Because the discrimination and retaliation provisions "are not coterminous," the Court concluded that "[t]he scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." *Id.* at 2414. Based upon the record before the Court, the underlying facts or circumstances relied upon by the Plaintiff may be a proper subject of relief, and therefore, he ought to be afforded an opportunity to test his allegations in this lawsuit.

The Defendants argue that they will be prejudiced if the amendment is allowed, because the parties are at least halfway through the discovery process. However, there remains over 60 days for further discovery in this matter. Accordingly, this Court cannot find that the Defendants would be prejudiced to a level which would preclude allowing the Plaintiff to amend his Complaint.

## III.  Conclusion

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Plaintiff's Out of Time Motion for Leave to Amend Complaint and Jury Demand [Filed September 13, 2006; Docket #11] is **granted**.

It is further **ORDERED** that on or before November 6, 2006, the Plaintiff shall file his Amended Complaint and Jury Demand with the office of the Clerk of this Court in accordance with the District of Colorado Electronic Case Filing ("ECF") Procedures. Plaintiff's Amended Complaint

and Jury Demand shall be in the same format and substance of that which was tendered with Plaintiff's Out of Time Motion for Leave to Amend Complaint and Jury Demand on September 13, 2006.

Dated at Denver, Colorado, this 2nd day of November, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge